UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNTIED STATES OF AMERICA,<br><br>Plaintiff,<br><br>LORENZO MADRIZ-CERNA,<br><br>Defendant. | Case No. 1:19-cr-00176-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is the Government's Motion for Revocation of Release Order. Dkt. 26. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by further hearings, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons set forth below, the Court DENIES the Government's Motion for Revocation of Release Order. Accordingly, Madriz-Cerna is ordered released pending trial on the conditions outlined in the Pretrial Services Report.

## II. BACKGROUND

The defendant, Lorenzo Madriz-Cerna ("Madriz-Cerna"), is a Mexican national who has been charged with Distribution of Methamphetamine under 21 U.S.C. § 841(a)(1) and (b)(1)(A). This charge arose out of an investigation which started after a confidential informant provided information that Madriz-Cerna was selling

methamphetamine and trafficking in firearms. Dkt. 26, at 3. Madriz-Cerna then became the focus of several operations. During at least three of these, he sold either methamphetamine or firearms to undercover officers and/or a confidential informant. Madriz-Cerna was ultimately charged with distributing methamphetamine. *Id.*, at 6.

The Pretrial Services Report recommended that Madriz-Cerna be released on a personal recognizance bond with pretrial supervision. A number of conditions for release were recommended including location monitoring, a curfew, passport surrender, and reporting to the pretrial services officer immediately after release. Dkt.26-1, at 5.

A detention hearing was held before United States Magistrate Judge Ronald Bush. Following that hearing, Judge Bush determined that Madriz-Cerna did not need to be detained while he awaited trial, and that there are conditions that will reasonably assure his presence in court and the safety of the community. On June 5, 2019, Judge Bush ordered Madriz-Cerna released. The Government then filed its Motion for Revocation of Release Order on June 20, 2019. Dkt 26.

Madriz-Cerna was born in Mexico but has lived in the United States since 2006. Dkt. 29, at 1. He and his partner have a five-year-old son together and are also raising seven other minor children whom his partner adopted. *Id.* Madriz-Cerna owns his own construction business. *Id.* He has had no criminal charges in the past ten years. *Id.* Madriz-Cerna owns property in Mexico where his parents and most of his siblings still reside. Dkt. 26, at 3. He was twice convicted of illegally entering the United States and twice removed to Mexico. *Id*.

## III. LEGAL STANDARD

The Bail Reform Act specifies that a judicial officer must detain a defendant pending trial if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any person and the community." 18 U.S.C. § 3142(e).

The standard of review for pretrial release or detention orders is *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). The Court makes "its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* The Court may hold additional evidentiary hearings but is not required to do so. *See id.*

## IV. DISCUSSION

On a motion for pretrial detention, the Government bears the burden to show that (1) the defendant poses a flight risk by a preponderance of the evidence or (2) that the defendant poses a danger to the community by clear and convincing evidence. *See United States v. Motamedi*, 767 F.2d 1403, 1406-07 (9th Cir. 1985). A rebuttable presumption against release exists when there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. 18 U.S.C. § 3142(e). The parties agree that this presumption exists here because the Distribution of Methamphetamine charge has a minimum sentence of ten years.

Although this presumption causes the burden of production to shift to the defendant, the burden of persuasion remains with the government. *See United States v.*

*Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). "Only in rare circumstances should release pending trial be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

In the instant motion, the Government first argues that Madriz-Cerna failed to rebut the presumption that there is no condition or combination of conditions that will reasonably assure his presence as required or the safety of the community. Dkt. 26, at 8, 10. In the alternative, if Madriz-Cerna has proffered enough evidence to rebut the presumption, the Government argues that all considered factors weigh in favor of detaining him.

A. **Conditions to assure appearance and safety**

The government need only show by a preponderance of the evidence that the defendant poses a flight risk, or by clear and convincing evidence that the defendant poses a danger to the community. *See Motamedi*, 767 F.2d at 1406-07. To rebut the presumption of detention, the defendant needs to show evidence that there are conditions that would reasonably assure his appearance at court and the safety of the community. *See* 18 U.S.C. § 3142(e).

The Government argues that Madriz-Cerna is a flight risk and his family ties in Idaho may not be enough to keep him in state. He is no longer married to the woman he lives with, and she and one of his step-sons are implicated in Madriz-Cerna's criminal conduct, potentially exposing them to criminal liability and giving them reason to flee as well. The Government also argues that there is a strong likelihood of conviction, which is further motivation for Madriz-Cerna to flee. The Government also fears location

MEMORANDUM DECISION AND ORDER - 4

monitoring may not assure his presence because—as others have done in the past—the monitoring bracelet can be cut off. The Pretrial Services Report describes Madriz-Cerna's past criminal history, including two occasions where Madriz-Cerna failed to appear before the court. Dkt. 26-1, at 3.

The Government also argues that Madriz-Cerna poses a danger to the community because he is a pound-quantity meth dealer and traffics in firearms. They argue Madriz-Cerna's brother in law occasionally checking in on him does little to ensure the safety of the community. The Government also points out that after various firearms were seized from Madriz-Cerna, he continued to engage in criminal activity.

To rebut the presumption against release, Madriz-Cerna pointed to his significant ties to the community, his employment, and his family situation. Madriz-Cerna owns his own local construction business, he is in a long-term relationship with a naturalized United States citizen, he has one child with her and various step and adopted children he provides for as well. Based on this information, the Court finds that Madriz-Cerna has sufficiently rebutted the presumption of detention. The Court will therefore employ the factors test as outlined in 18 U.S.C. § 3142(g) to determine if the pretrial detention standard is met.

B. The Four Factors

When a defendant proffers evidence to rebut the presumption of detention, the Court then considers four factors to determine whether the pretrial detention standard is met. These include: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person, (3) the history and characteristics of the

MEMORANDUM DECISION AND ORDER - 5

person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). "The presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Hir*, 517 F.3d at 1086.

   1. *Nature and circumstances of the offense*

Madriz-Cerna sold methamphetamine in pound quantities. He also had over twenty firearms seized from him on various occasions from various locations. This factor includes consideration of whether the offense charged involves controlled substances or a firearm. 18 U.S.C. § 3142(g)(1). While the circumstances of Madriz-Cerna's interactions with the undercover agent and confidential informant involved both sales of methamphetamine and sales of firearms, Madriz-Cerna has not been charged with a firearms offense but only with distribution of methamphetamine.[1] Nevertheless, there is no question that the count charged against Madriz-Cerna is serious and that he faces at least ten years in prison and up to life imprisonment under the statute that he is charged with violating. the Court finds that this factor weighs in favor of pretrial detention.

   2. *Weight of the evidence*

This factor receives the least amount of weight as there cannot be a pretrial determination of guilt. *Gebro*, 948 F.2d at 1121. The Government has surveillance and

---

[1] There is no mention of firearms in the Indictment and nothing to indicate that the Grand Jury even considered the presence of firearms when considering the "offense charged".

recordings of the transaction where Madriz-Cerna sold methamphetamine to an undercover law enforcement agent and a confidential informant. They also have recordings of other transactions where Madriz-Cerna sold them firearms. There are at least three recordings of separate occasions where Madriz-Cerna was involved in the sale of methamphetamine or firearms to the undercover agent and/or confidential informant. While the Court is not making any sort of determination regarding Madriz-Cerna's guilt, it finds that this evidence weighs in favor of pretrial detention.

3. *History and personal characteristics*

Madriz-Cerna has a long-term relationship with a woman in Idaho. They have a child together and are raising her seven adopted children together as well. Madriz-Cerna has been in the United States consistently since 2006 and has lived in Idaho for much of that time. He has owned his own construction business since 2016.

Although he was convicted of illegal entry and has been removed to Mexico twice, has failed to appear in court twice, and has other misdemeanor convictions, each of these incidents occurred over ten years ago. Madriz-Cerna does have substantial ties to Mexico. He is a Mexican national, he owns property there, and his parents and siblings reside there. The Court finds this factor is balanced.

4. *Nature and seriousness of danger*

Madriz-Cerna sells methamphetamine and firearms which are a danger to the community. However, the Pretrial Services Report indicates that Madriz-Cerna could be released under certain conditions which could reasonably assure the safety of the community and his appearance in court. Madriz-Cerna argues that because the PSR

MEMORANDUM DECISION AND ORDER - 7

recommends release then he must not be a danger to the community. The Court finds this factor slightly favors release.

Finally, though not listed as a factor in 18 U.S.C. § 3142, the presumption of detention does not disappear once rebutted. Instead, it remains a factor to be considered along with the factors outlined above. *Hir*, 517 F.3d at 1086. With this in mind, and having considered the four factors above, the Court deems it proper to release Madriz-Cerna as he awaits trial.

This is an extremely close call. There are facts that weigh in favor of detention, and others that weigh in favor of release. However, any doubts regarding release should be resolved in the defendant's favor. *Gebro*, 948 F.2d at 1121. Here, the Court finds it proper to release Madriz-Cerna at this time. The Government has not shown that if released there would be no condition or combination of conditions available to reasonably assure the appearance of Madriz-Cerna as required and the safety of any person and the community. Therefore, the Government's Motion for Revocation of Release Order is DENIED and Madriz-Cerna is ordered released pending trial on the conditions outlined in the PSR.

///
///
///
///
///
///

# V. ORDER

The Court HEREBY ORDERS:

1. The Government's Motion for Revocation of Release Order (Dkt. 26) is DENIED. Madriz-Cerna is ordered released pending trial on the conditions prescribed by the Pretrial Services Report.

DATED: July 31, 2019

David C. Nye
Chief U.S. District Court Judge